Mr. Christopher J. Thornton Golden Gate Fire Control and Rescue District Attorney 3080 Tamiami Trail East Naples, Florida 34112
Dear Mr. Thornton:
On behalf of the board of commissioners of the Golden Gate Fire Control and Rescue District you have asked for my opinion on substantially the following questions:
1. Is the Golden Gate Fire Control and Rescue District authorized by section 112.08(2)(a), Florida Statutes, or by section191.006(17), Florida Statutes, to use district funds to pay for all or a portion of the cost for the board members of the district to participate in the district's group health insurance program in addition to the salary or honorarium authorized by section 191.005(4), Florida Statutes?
2. May all or a portion of the salary paid to board members under section 191.005(4), Florida Statutes, or the private funds of the commissioners be used to pay for the board members to participate in the district group health insurance program?
The charter for the Golden Gate Fire Control and Rescue District is codified at Chapter 2000-392, Laws of Florida. The district, located in Collier County, is established as an independent special district, subject to the provisions of Chapters 189 and191, Florida Statutes.[1] The district is responsible for maintaining a fire department and rescue service.[2] The district is governed by an elected three member board of commissioners who are district residents.[3] Operation and projects of the district may be financed by the collection of impact fees, ad valorem and non-ad valorem taxes, service charges and the issuance of bonds.[4]
It is a general rule relating to special districts that they possess only such powers and authority as have been expressly granted or necessarily implied therefrom in order to carry out an expressly granted power.[5] As statutory entities, therefore, special districts such as the Golden Gate Fire Control and Rescue District possess no inherent power to act beyond those powers which their enabling legislation expressly or by necessary implication bestows upon them.
Question One
The charter for the Golden Gate Fire Control and Rescue District provides:
"In accordance with section 191.005, Florida Statutes, members of the board may each be paid, from the funds of the district, a salary or honorarium for his or her services in an amount not to exceed $500 per month for each member. In addition, members may be reimbursed for travel and per diem expenses as provided in section 112.061, Florida Statutes."[6]
Thus, commissioners are authorized to receive a salary or honorarium for their services but the amount of that payment is limited to $500. Travel and per diem of commissioners may also be reimbursed.
While the charter for the district does not mention insurance, Chapter 191, Florida Statutes, to which the district is subject, does deal with the issue. Section 191.006(17), Florida Statutes, specifically authorizes the board, by majority vote, "[t]o provide adequate insurance on all real and personal property, equipment, employees, volunteer firefighters, and other personnel." While members of the board of commissioners of the fire control district are clearly officers not employees of the district, it appears that section 191.006(17), Florida Statutes, by providing insurance coverage for "other personnel," as well as employees, is broader in scope than providing insurance coverage only for employees of the district. The term "personnel" is commonly understood[7] to mean "the body of persons employed by or active in an organization."[8] I cannot say that an officer of the district, such as a commissioner, is outside the scope of the term "other personnel" for purposes of section 191.006(17), Florida Statutes. In addition, Chapter 189, Florida Statutes, the "Uniform Special District Accountability Act of 1989," authorizes special districts to "[p]rocure necessary insurance or self-insure."[9]
As provided in its charter, "[a]ll provisions of chapters 189 and 191, Florida Statutes, and all power and authority granted thereunder are hereby applicable to the Golden Gate Fire Control and Rescue District."
However, the answer to your question appears to be addressed more clearly by section 112.08(2)(a), Florida Statutes. Section112.08(2)(a), Florida Statutes, authorizes every local governmental unit to pay out of its own funds for all or part of the premium for life, health, accident, hospitalization, legal expense, or annuity insurance for its officers and employees. To that end, it may enter into contracts with insurance companies or professional administrators to provide such insurance. A governmental unit may also self-insure to provide any plan for health, accident, and hospitalization coverage or enter into a risk management consortium to provide such coverage.
Section 112.08(1), Florida Statutes, defines "local governmental unit" to mean "any county, municipality, community college district, school board, or special district or any county officer listed in s. 1(d), Art. VIII of the State Constitution." Such a definition would include a fire control and rescue district such as the Golden Gate Fire Control and Rescue District, created by special act of the Legislature. Thus, the district is authorized by section 112.08(2)(a), Florida Statutes, to provide insurance or to self-insure for health, accident, and hospitalization coverage for its officers or to enter into a risk management consortium to provide such coverage.
Nothing in any of these statutes requires that the salary or honorarium authorized by section 191.005(4), Florida Statutes, must be directed to making these insurance payments. Rather, providing insurance for officers and employees of the district appears to be an independent power and duty of the district.
Thus, the Golden Gate Fire Control and Rescue District is authorized by sections 112.08(2)(a), 189.438(4)(o), and191.006(17), Florida Statutes, to pay from funds of the district for group health insurance for members of the board of commissioners of the district in addition to the salary or honorarium authorized by section 191.005(4), Florida Statutes.
You have brought to my attention an earlier opinion of this office, Attorney General Opinion 02-30, which concluded that commissioners of a mosquito control district are not statutorily authorized to receive benefits such as medical insurance or accidental death or disability insurance, but are limited to receiving a salary and reimbursement of expenses as provided in section 112.061, Florida Statutes. The enabling legislation for the mosquito control districts in Chapter 388, Florida Statutes, provides:
Members of the board of commissioners of independent special tax districts may each be paid a salary to be determined by the unanimous vote of the board which shall not exceed $4,800 for each commissioner during any one year; however, this section shall not be construed to limit compensation of district commissioners where higher amounts have otherwise been authorized by special act or general act of local application. Said members may be reimbursed for expenses incurred in the performance of their duties as provided in s. 112.061.[10]
The opinion notes that mosquito control district commissioners are entitled to a limited salary and reimbursement of expenses incurred in the performance of their duties. Additional compensation could be authorized by the Legislature in the form of a special act or general act of local application. Section112.081, Florida Statutes, is neither, and thus cannot be applied to mosquito control district officers. There is no similar limitation in either the enabling legislation for the Golden Gate Fire Control and Rescue District or in Chapter 191, Florida Statutes, and therefore, Attorney General Opinion 02-30 is distinguishable from the fact situation which you have presented.
Question Two
In my response to Question One I concluded that a fire control and rescue district is authorized to provide insurance for its board members in addition to the salary or honorarium authorized by section 191.005(4), Florida Statutes. You ask whether the salary or honorarium authorized by the statute may be used to pay the costs of all or a portion of the premiums for such insurance and whether the commissioners may make such payments from their personal funds.
I am aware of no provision of Chapter 191, Florida Statutes, or of the charter for the Golden Gate Fire Control and Rescue District which would preclude the use of a commissioner's salary for the purpose of making payments for insurance provided by the district. Nor am I aware of any limitation on the use of personal funds for such purposes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See ss. 1, 1.03, and 2.02, Ch. 2000-392, Laws of Fla.
[2] Section 4.01, id.
[3] Section 5.01 and 5.02, supra n. 1.
[4] See Article VI, Chap. 2000-392, Laws of Fla., providing for the finances of the district.
[5] See, e.g., Forbes Pioneer Boat Line v. Board ofCommissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); Op. Att'y Gen. Fla. 89-34 (1989).
[6] See s. 5.04, Ch. 2000-392, Laws of Fla. And see s. 191.005
(4), Fla. Stat., which imposes requirements on the board prior to authorizing any such salary.
[7] Words of common usage, when used in a statute, should be construed in their plain and ordinary sense. See, e.g.,Sieniarecki v. State, 756 So.2d 68, 69 (Fla. 2000) (in absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary).
[8] The American Heritage Dictionary 511 (office edition 1983).And see Webster's New Collegiate Dictionary 856 (1975) ("a body of persons usually employed [as in a factory; office, or organization]."
[9] See s. 189.438(4)(o), Fla. Stat.
[10] Section 388.141(1), Fla. Stat.